IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| J.C., ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | Removed from the Circuit Court of |
| ) | Greene County, MO |
| CSL PLASMA, ) | |
| ) | Case No. 1931-CC1435 |
| Defendant. ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CSL Plasma Inc. ("CSL" or "Defendant") appears in the above-captioned action for purposes of removing to the United States District Court for the Western District of Missouri the action styled *J.C. v. CSL Plasma*, Case No. 1931-CC1435, currently pending in the Circuit Court of Greene County, Missouri. Defendant removes this case on the dual grounds of federal question and diversity jurisdiction. In support of its Notice of Removal, Defendant states as follows:

**I.    STATE COURT ACTION AND TIMELINESS OF REMOVAL**

1. On November 19, 2019, Plaintiff J.C. ("Plaintiff") commenced the above-captioned action in the Circuit Court of Greene County, Missouri by filing his Petition for Damages ("Petition") in the action styled *J.C. v. CSL Plasma*, Case No. 1931-CC1435 against Defendant.

2. On December 11, 2019, Plaintiff served Defendant with a summons and a copy of the Petition and discovery through CT Corporation.

3. As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served on CSL Plasma are attached as **Exhibit A**.

4. Plaintiff's Petition alleges defamation and breach of fiduciary duty by CSL under Missouri law.

5. Under 28 U.S.C. §§ 1441 and 1446, removal is timely if it is filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. CSL is timely filing this removal within 30 days of receipt of the initial pleading.

6. Removal is proper because the United States District Court for the Western District of Missouri has federal question and diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1); 1441(c).

## II. JURISDICTION BASED ON FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP

7. This action is properly removable under 28 U.S.C. § 1441(c) because Plaintiff brings claims that arise under federal law and there is supplemental jurisdiction over Plaintiff's state law claims.

8. On its face, Plaintiff's Petition seeks relief under Missouri law for defamation and breach of fiduciary duty. *See* Pl. Pet. ¶¶ 3, 60-82.

9. "Arising under" federal question removal jurisdiction is triggered when state law claims "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). In order to determine whether a case fits "within th[is] special and small category," *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006), "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314.

10. According to *Grable,* "arising under" federal question jurisdiction exists if the substantive elements of Plaintiff's claims require an analysis of the federal law at issue. *Id.*

Conversely, "arising under" federal question jurisdiction may not exist if the alleged federal issues were, for instance, simply "important factual background."

9. Count II of Plaintiff's Petition is a common law claim for breach of fiduciary duty. In order to prevail on this claim, Plaintiff must show: "(1) the existence of a fiduciary relationship between the parties, (2) a breach of the fiduciary duty, (3) causation, and (4) harm." *Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 508 (Mo. Ct. App. 2005).

10. While characterized as a claim brought solely under Missouri law in the Petition, this claim actually arises under and implicates substantial and disputed federal issues—namely, whether Defendant breached its fiduciary duties to Plaintiff under the Health Insurance Portability and Accountability Act ("HIPAA"). *See* Pl. Pet. ¶¶ 75-80. More specifically, Plaintiff alleges that Defendant breached its fiduciary duties to Plaintiff by failing to conduct, or incorrectly conducting, a four-factor risk assessment test proscribed by HIPAA to determine whether Plaintiff's medical information had been compromised by being disclosed. *Id.* at ¶ 78, 52, 80. And, Plaintiff further contends that the failure to conduct or properly conduct that test caused harm to Plaintiff. *Id.*

11. In order to prove that Plaintiff breached its fiduciary duty, Plaintiff must therefore prove that Defendant did, in fact, fail to or incorrectly performed this four-factor test. In order to do so, and in order for Defendant to defend against this allegation, this case will naturally require an interpretation of federal law, *i.e.* HIPAA. Simply put, in ruling on Count II of Plaintiff's Petition, the Court will necessarily be required to determine whether Defendant had obligations and duties under HIPAA and whether it breached those duties as proscribed by HIPAA. As such, the substantive elements of Plaintiff's breach of fiduciary duty claim and Defendant's defense necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum

3

may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable*, 545 U.S. at 314, 125 S.Ct. 2363.

12. Because Plaintiff's Petition asserts a claim arising under federal law, this Court has subject matter jurisdiction over this action under 28 U.S.C. §1331, *Grable*, and its progeny and removal of this action is authorized by 28 U.S.C. § 1441.

13. Further, the Court has supplemental jurisdiction over the state law claim of defamation. This claim is so related to Plaintiff's claim for breach of fiduciary duty that it forms part of the same case or controversy. 28 U.S.C. §1367; *see also Campbell v. Anytime Labor-Kan, LLC*, No. 16-00142-CV-W-GAF, 2016 WL 2743541, at *5 (W.D. Mo. May 11, 2016). Indeed, both claims relate to Plaintiff's relationship with CSL, and the purported unwarranted disclosure of Plaintiff's confidential medical information.

14. Because the Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, the entire action is therefore removable.

15. Additionally, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States. . ."

16. Plaintiff is a citizen of the State of Missouri. *See* Pl.'s Pet. at ¶ 1.

17. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of its state of incorporation and "of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

18. At the commencement of this action, and at all time since, Defendant was and continues to be a for-profit corporation. *See* Pl.'s Pet. at ¶ 2; **Exhibit B**, Fleming Declaration at ¶

4

4. CSL is incorporated and organized under the laws of the State of Delaware, and also has its principal place of business in Florida. *See* **Ex. B**, Fleming Declaration at ¶ 4. Thus, for diversity jurisdiction purposes, CSL Plasma is a citizen of Delaware and Florida.

19. Therefore, this Court has proper subject matter jurisdiction over this matter because the claims arise under federal law and because diversity exists under 28 U.S.C. §1332, as Plaintiff and Defendant are citizens of different states.

### III. AMOUNT IN CONTROVERSY

20. Federal question jurisdiction does not require Defendant to show the amount in controversy exceeds $75,000. However, because this Court has jurisdiction on the basis of both federal question and diversity, Defendant must demonstrate there is a legal certainty that the amount in controversy is greater than $75,000 for purposes of diversity jurisdiction.

21. The standard for determining whether a plaintiff's claim meets the amount in controversy is whether the fact finder "*might* legally conclude" that a plaintiff's damages are greater than $75,000. *See Muhammad v. Public Storage*, 2014 WL 2615736, *1 (W.D. Mo. June 12, 2014) (citing *James Neff Krampfer Family Farm v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (emphasis in original). *See also Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

22. Under Missouri law, Plaintiff may recover compensatory damages (including damages for emotional distress) and punitive damages for defamation and breach of fiduciary duty. *See Jefferson v. Am. Fin. Grp., Inc.*, 163 S.W.3d 485, 489 (Mo. Ct. App. 2005) (in a breach of

5

fiduciary duty action, a plaintiff "may recover damages necessary to compensate the plaintiff for the pecuniary loss" of which defendant's actions are the cause."); *Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 508 (Mo. Ct. App. 2005) ("Punitive damages may be awarded for breach of fiduciary duty[.]"); *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 66 (Mo. 2000) (punitive damages are recoverable for defamation). *See also Koester v. Am. Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) (Missouri law permits an award of punitive damages for a breach of fiduciary duty). In this case, Plaintiff's seeks compensatory damages; punitive damages; attorneys' fees; court costs; as well as pre- and post-judgment interest. *See* Pl.'s Petition, ¶¶ 58-59, "WHEREFORE" Clauses.

23. Although the Petition does not allege a specific amount of damages sought, Defendant believes in good faith that the amount in controversy exceeds $75,000, based upon the allegations in Plaintiff's Petition, and without any admission as to the merits of those allegations.

24. In this case, Plaintiff's compensatory damages, which includes emotional distress damages, and punitive damages are uncapped for both claims. In these kinds of cases, Missouri courts have consistently upheld jury awards that exceed $75,000, even in cases where the jury awarded little-to-no compensatory damages. *See Overcast*, 11 S.W.3d at 66 (defamation; jury awarded $500,000 in actual damages and $400,000 in punitive damages against insurance company that claimed plaintiff intentionally set fire that destroyed his home when tests were inconclusive as to the cause); Zakibe v. Ahrens & McCarron, Inc., 28 S.W.3d 373, 389 (Mo. Ct. App. 2000) ($150,000 damages award for breach of fiduciary duty claim). *See also The Fireworks Restoration Co., LLC v. Hosto*, 371 S.W.3d 83, 91-93 (Mo. Ct. App. 2012) (defamation; affirming punitive damages award of $150,000, when actual damages were only $1); Gibson v. Adams, 946 S.W.2d 796, 804 (Mo. Ct. App. 1997) (breach of fiduciary duty; award of only $100,000 in

6

punitive damages warranted, even when no compensatory damages were awarded). Given the allegations in this case, it is difficult to see how the aggregate award for damages would not easily exceed the statutory threshold for diversity jurisdiction if Plaintiff prevails on the claims.

25. Thus, the Petition seeks more than $75,000, which satisfies the amount in controversy requirement.

26. Accordingly, the District Court also has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

27. Under 28 U.S.C. §§ 1441(a) and 1446(a), and Local Rule 3.1, the U.S. District Court for the Western District of Missouri, Western Division, is the appropriate court for removing an action from the Circuit Court of Greene County, Missouri, where this action was filed.

28. Copies of all pleadings, process, and orders served on CSL Plasma are attached as required under § 1446(a). *See* **Ex. A**.

29. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Greene County, Missouri, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant CSL Plasma Inc. prays that this Court assume control over this action as this action is properly removed on the grounds of federal question and diversity jurisdiction.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Anne L. Hershewe
Walter M. Brown   MO #50515
Anne L. Hershewe   MO #65966
4520 Main Street, Suite 400
Kansas City, MO 64111
816.471.1301
816.471.1303 (*Facsimile*)
walter.brown@ogletree.com
anne.hershewe@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2020, the foregoing was electronically filed with the Court Administrator and service was made through the electronic filing system to:

Maureen M. Brady   MO #57800
Lucy McShane   MO #57957
McSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Anne L. Hershewe
**ATTORNEYS FOR DEFENDANT**

41313877.1